CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 18 2017
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| NATHANIEL K. MANNS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:16-cv-00005 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner, | ) ) | By: Hon. Jackson L. Kiser<br>    Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of Magistrate Judge Joel C. Hoppe [ECF No. 25], recommending that I deny Plaintiff Nathanial K. Mann's Motion for Summary Judgment [ECF No. 15], grant Defendant Nancy Berryhill's ("the Commissioner") Motion for Summary Judgment [ECF No 20], and affirm the Commissioner's final decision. Plaintiff filed timely objections to the R & R on July 14, 2017. [ECF No. 26]. The Commissioner filed a response on July 28, 2017. [ECF No. 27]. For the reasons stated below, I will adopt the R & R in full and overrule Plaintiff's objections.

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On October 17, 2012, Plaintiff filed an application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act. *See* 42 U.S.C. § 401–434 *et seq.* Plaintiff alleged that he was disabled as of September 6, 2012. (Admin. R. at 103, June 20, 2016 [ECF No. 9] (hereinafter "R.").) Plaintiff's application was denied at both the initial and reconsideration stages. (R. at 103–122.) On March 19, 2014, a hearing was held before Administrative Law Judge David Lewandowsky ("the ALJ"). (*See* R. at 61–102.) Plaintiff testified as did Barry Hensley, Ed.D, a vocational expert. (*See* R. at 86–102.)

The ALJ denied Plaintiff's application in a written opinion submitted on June 26, 2015. (R. at 42–60.) The ALJ applied the five-step evaluation process set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a).[1] First, the ALJ found that Plaintiff met the insurance requirements of the Social Security Act and had not engaged in substantial, gainful activity since September 6, 2012. (R. at 47.) Next, the ALJ found that Plaintiff had multiple severe impairments: peripheral vascular disease and arteriosclerosis, coronary artery disease, foot calluses, right shoulder arthritis, and asthma. (R. at 47–48.) Plaintiff did not have any impairments that met the severity of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 47.) Finally, although Plaintiff could not perform his past, relevant work, the ALJ determined that "[Plaintiff] has the residual functional capacity to perform light work"[2] with the additional limitation that he "cannot climb ladders ropes and scaffolds" and "should avoid exposure to pulmonary irritants, wetness, humidity, extreme cold temperatures, and hazards." (R. at 50.)

The ALJ found that Plaintiff's testimony was "not entirely credible." (R. at 56.) For example, in an application for unemployment benefits, Plaintiff certified that he could work at least part-time. (R. at 57–58.) The ALJ noted that, although this finding is "not determinative of disability . . . [it] does serve as evidence that [Plaintiff] was capable of some work activity and that his symptoms were not as severe and persistent as alleged." (R. at 58.) More importantly, the

---

[1] The five-step process requires an ALJ to determine: (1) whether the claimant is engaging in substantial gainful activity, 20 C.F.R. §§ 404.1520(b), 416.920(b); (2) whether the claimant has a "severe" impairment or combination of impairments, 20 C.F.R. §§ 404.1520(c), 416.920(c); (3) whether the claimant's impairments are sufficiently severe as determined by the criteria set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. §§ 404.1520(d), 404.1525–26, 416.920(d), 416.925–26; (4) whether the claimant has the residual functional capacity to perform the requirements of their past relevant work, 20 C.F.R. §§ 404.1520(f), 416.920(f); and (5) whether the claimant is able to do any other work considering their residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

2 "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

ALJ noted that Plaintiff's testimony regarding his conditions and symptoms did not align with his medical history. (R. at 57.) Given Plaintiff's age, education, work experience, and residual functional capacity, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as non-postal mail carrier, hand packager, and order clerk. Plaintiff's request for a rehearing was denied by the Social Security Administration Appeals Council. (R. at 1–4.)

Plaintiff filed the present action on February 12, 2016 [ECF No. 2], and I referred the matter to Magistrate Judge Hoppe. The parties filed cross-motions for Summary Judgment [ECF Nos. 15, 20], and Magistrate Judge Hoppe recommended that I grant the Commissioner's Motion, deny Plaintiff's Motion, and affirm the ALJ's decision. [ECF No. 25]. Plaintiff entered five objections. The first four pertain to the apparent mischaracterization of the following evidence: (1) medical records and testimony regarding Plaintiff's ability to use his hands; (2) Plaintiff's previous application for unemployment benefits; (3) a treatment note from February 2013; and (4) the effect of physical therapy upon Plaintiff's grip strength. [ECF No. 26]. The fifth and final objection argues that Judge Hoppe erroneously concluded that the ALJ considered all of the evidence in reaching his decision. The Commissioner filed her response to Plaintiff's objections on March 28, 2017 [ECF No. 27], and this matter is now ripe for review

## II. STANDARD OF REVIEW

I must review *de novo* any findings by the magistrate judge to which proper objections have been filed. Fed. R. Civ. P. 72(b). A plaintiff must, however, make specific objections to the R & R; a plaintiff's objection cannot simply be mere disagreement with the magistrate's conclusions. *See Keith v. Astrue*, 2012 WL 4458649, at *3 (W.D. Va. Aug. 9, 2012); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) ("Allowing a litigant to obtain *de novo* review

of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991))).

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence, and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. The Commissioner has broad discretion in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d); *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *See Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the [ALJ]." *Craig*, 76 F.3d at 589.

"Ultimately, the issue before this Court is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence, and whether it was reached

through correct application of the law." *Dunn v. Colvin*, 973 F. Supp. 2d 630, 638 (W.D. Va. 2013).

## III. DISCUSSION

Plaintiff's first objection contends that Judge Hoppe and the ALJ mischaracterized Plaintiff's testimony pertaining to the use of his hands. (Pl.'s Objs. at 1–2, July 14, 2017 [ECF No. 26].) As I just mentioned, it is not my place to "re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the [ALJ]." *Craig*, 76 F.3d at 589. As both Judge Hoppe and the ALJ noted, Plaintiff denied performing "any activities that require [him] to use [his] arms or [his] legs." (R. at 85.) Plaintiff then testified that he does not do "any activities" for his church other than "just say a prayer." (*Id.*) It is only after being confronted with a previous statement from May 2014 that he acknowledged playing drums for his church every other weekend. (*Id.*) Judge Hoppe also noted that after being confronted, Plaintiff downplayed how much drumming he actually did.[3] Plaintiff rebuts this by pointing out that he only stated that he does not use his hands "very often" (Pl.'s Objs. at p. 1), but this was earlier in the testimony and not specifically related to his church activities. (R. at 73.)

Plaintiff was asked about his activities at church and denied doing any activities aside from prayer. While no one is accusing Plaintiff of living a double life as a modern Keith Moon, his lack of candor was properly considered. I must defer to those credibility determinations absent clear legal error. Plaintiff may be dissatisfied with the judges' ultimate conclusions, but neither Judge Hoppe nor the ALJ mischaracterized what was said.

Plaintiff's second objection relates to Judge Hoppe's conclusions that the ALJ was allowed to consider Plaintiff's previous application for unemployment benefits wherein Plaintiff

---

3 In responding to a question asking how often he played at a devotional service, Plaintiff responded that "[i]t's every Sunday, but, see, they got four choir – different choirs that they do. And it's just once out of a month for the men, and I just do it, maybe – sometimes it's 10 minutes, sometimes it's 5 minutes."

certified that he could work at least part-time. Plaintiff correctly points out that to receive disability benefits, a claimant must show that they cannot work *full-time*. Judge Hoppe held, however, that in the context of other evidence relied upon by the ALJ, there was no error in the ALJ's consideration of this evidence. Further, the ALJ noted that "[w]hile receipt of unemployment benefits is not determinative . . . the fact that the claimant affirmed he was able to work does serve as evidence that he was capable of some work activity . . . ." (R. at 58.) In other words, the application for unemployment benefits was not determinative, but it was relevant. I have also previously noted that an ALJ can consider prior applications for unemployment benefits so long as there is "sufficient evidence elsewhere in the record to support the ALJ's decisions." *Brim v. Berryhill*, No. 4:15-cv-57, 2017 WL 1337297, at *4 (W.D. Va. April 11, 2017); *see also Cooke v. Colvin*, No. 4:13cv18, 2014 WL 4567473, at *17 (W.D. Va. Sept. 12, 2014).

Plaintiff's third objection relates to Judge Hoppe's review of treatment notes from early 2013. In this objection, Plaintiff argues that he mistakenly cited to a page where, in February 2013, Plaintiff told his physician, Dr. Henning, that he wished his medication was a "little stronger." (R. at 349). Plaintiff says he actually meant to cite to another treatment note from April 2013 where Plaintiff is recorded as saying that his medication "doesn't seem to be working at this time" (R. at 359.) These statements say the same thing: Plaintiff's medication was not working as well as he had hoped. Plaintiff argues that this shows that the medication only provided "minimal improvement" (Pl.'s Br. in Supp. of Mot. for Summ. J., p. 18 [ECF No. 16]), but this downplays the progress that Plaintiff *was* making. First, Plaintiff did tell Dr. Henning that he wished his medication was "a little stronger," but he also stated that it was "helping some." (R. at 349.) Second, Dr. Henning conducted a physical examination and concluded that

Plaintiff was doing "somewhat better with the exception of his left shoulder he has [sic] pain in his left shoulder . . . ." (*Id.*) This undercuts Plaintiff's assertions that his "complaints of pain and decreased mobility are consistent throughout the record" (Pl.'s Obj. at 4 [ECF No. 26]) because Dr. Henning clearly noted that his mobility was improving, albeit slowly. (Pl.'s Obj., p. 4 [ECF No. 26].)

Plaintiff's fourth objection is meritless. Plaintiff claims that the R & R misstates the evidence regarding Plaintiff's grip strength despite the fact that the R & R *quotes directly from the record*. (*See* R & R at 26.) The R & R refers to the same note, discussed above, from February 2013. That note states that Plaintiff "has good grip strength good function in the elbow wrist and hand [sic]." (R. at 349; *see also* R & R, p. 24 [ECF No. 25].) To rebut this, Plaintiff cites to an entirely different treatment record from May 2013, where a Physician's Assistant ("the PA") noted that Plaintiff's grip strength was "slightly improved." Plaintiff points out that the PA recommended "continuing [physical therapy]" which "clearly indicated plaintiff continued to have decreased strength in his hands and wrist." (Pl.'s Obj at p. 4 [ECF No. 26]; R. at 398). These treatment records do not conflict. Both show that Plaintiff's grip strength was improving with regular physical therapy, so the PA recommended that he continue.

Finally, Plaintiff argues that the R & R failed to find that the ALJ did not properly consider all of the evidence. Plaintiff claims that while the ALJ summarized the medical evidence, it does not mean that "the ALJ satisfied his burden to consider all evidence and explain his evaluation of the evidence in relation to his RFC finding." (Pl.'s Objs., p. 4 [ECF No. 26].) Judge Hoppe accurately pointed out, however, that "[the ALJ] thoroughly recited the medical evidence, including that cited by [Plaintiff] in his brief, and chose to place greater weight on evidence that suggested more modest limitations." (R & R, p. 24 [ECF No. 25].) Plaintiff merely

disagrees with the decision of the Magistrate Judge, but that is not grounds for an objection. As stated above, it is not my job to reweigh that evidence. The ALJ did not find Plaintiff credible for two reasons: (1) his subjective statements describing his limitations were not corroborated by his medical records, and (2) Plaintiff appeared evasive and nonresponsive during his testimony. (R. at 57–58.) Moreover, Plaintiff does not identify the evidence that was not considered, making this objection baseless. Accordingly, it was entirely appropriate for the ALJ to place greater weight on other evidence and for the Magistrate Judge to affirm the ALJ's findings.

### IV. CONCLUSION

The R & R correctly found that there was substantial evidence in the Record to support the ALJ's decision, and the ALJ employed the proper legal standard. I will overrule Plaintiff's Objections and adopt the R & R in full. I will deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and affirm the Commissioner's decision.

The clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Hoppe.

Entered this 18th day of August, 2017.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE